*Amended Complaint pursuant to Fed. Rules of Civ. Proc. Rule 15(A)*

FILED
MAR 31 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name **Meneweather    Tomas    Lopez**
         (Last)            (First)           (Initial)

Prisoner Number **D-35219**

Institutional Address **Salinas Valley State Prison, P.O. Box 1050 Soledad, Calif. # 93960**

=================================================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Tomas Lopez Meneweather**
(Enter the full name of plaintiff in this action.)

vs.

C/O's **B. Powell; D. Ferry; T. Miller; G. Bailey; A. Meyers; Rincon and Reyes; Ippolito Lt.; L.V.N. R.L. O'Kelly**

(Enter the full name of the defendant(s) in this action)

Case No. **07-4204-SBA**
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
**Title 42 U.S.C § 1983**

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies.

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.   Place of present confinement **Salinas Valley State Prison**

B.   Is there a grievance procedure in this institution?
              YES (X)       NO ( )

C.   Did you present the facts in your complaint for review through the grievance procedure?
              YES (X)       NO ( )

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why. ~~~~ **S.V.S.P. 06-03893 Exhausted through Director's Level. A copy is enclosed and incorporated herein**

COMPLAINT                              - 1 -

1. Informal appeal _Partially Granted on 1824 form_

2. First formal level _Partially Granted_

3. Second formal level _Partially Granted_

4. Third formal level _denied based on false information by Prison Guard D. Crawford_

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (X)   NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. _____

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

_Thomas Lopez Meriweather, D-35219_
_Salinas Valley State Prison, #A-3-109-L_
_P.O. Box 1050 Soledad, California 93960_

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

COMPLAINT -2-

_B. Powell, C/O Prison Guard; W. Ferry, C/O Prison Guard;_
_F. Miller, C/O Prison Guard; G. Bailey, C/O Prison Guard;_

1  A. Meyers, C/O Prison Guard; Rincon (refused to
2  give first name or initial) C/O Prison Guard; Reyes
3  (refused to give first name or initial) C/O Prison Guard;
4  J. Esposito, Sargeant, Prison Guard; R.L. O'Kelly, L.V.N.

5  III.    Statement of Claim.

6  State here as briefly as possible the facts of your case. Be sure to describe how each
7  defendant is involved and to include dates, when possible. Do not give any legal arguments or
8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
9  separate numbered paragraph.

10  On 7/18/06 plaintiff returned from D.M.H. at Vacaville State Prison and was housed
11  in Administrative Segregation, plaintiff is a A.D.A. inmate confined to a wheel
12  chair, paralized on the right side of plaintiff's body since August of 2002
13  from a stroke, all of the defendants named in this complaint was employed
14  at Salinas Valley State Prison and assigned to D-1 and D-2 Administrative
15  Segregation where plaintiff was housed and confined, all of the herein named
16  Prison Guards/Correctional officers was and is known to plaintiff as
17  members of the "Green Wall" a rogue gang of prison guards above the law
18  plaintiff requested to them individually and collectively to clean plaintiff's
19  cell or move plaintiff to a dry and clean cell at numerous times over the
20  days, weeks and months of plaintiff's Administrative Segregation Confinement
21  and they refused, causing plaintiff to catch a incurable sinus infection and
22  Pnemonia. See attached grievance for detailed description of facts

23  IV.    Relief.

24  Your complaint cannot go forward unless you request specific relief. State briefly exactly
25  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26  Plaintiff requests five hundred thousand dollars monetary damages
27  from each named defendant in their individual capacity for
28  Cruel and unusual punishment as set forth in the

COMPLAINT                              - 3 -

1  *1824/602 and Additional sheet annexed hereto and*
2  *is incoroporated herein marked Exhibit A.*
3  _____
4  _____
5  I declare under penalty of perjury that the foregoing is true and correct.
6
7  Signed this **26** day of **March**, 20**08**
8
9  _Tomas Lopez Merriweather_
10 (Plaintiff's signature)

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| SVSP | 06 03893 | 18. ADA |

DPP = DPW          Reas. Accom.

*Thomas*          wants cell cleaned while
                  housed in ASU
                  CA11 - 1st
                  CCII Eloy Medina 12/14/06

NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Tomas Lopez Meneweather | D-35219 | | | D-2-111-L |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

**MODIFICATION OR ACCOMMODATION REQUESTED**     RECD DEC 14 2006

DESCRIPTION OF DISABILITY:
"S" is permanently mobility impaired from a stroke on right side of "S" body in 2002 at C.S.A.T.F.

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
See "S" medical file for chrono issued in August of 2002.

DESCRIBE THE PROBLEM: "S" is housed in E.O.P. Ad/Seg. Confined to a wheel chair. S.V.S.P. have a A.D.A. worker's program for inmates with "S" disabilities whose services "S" do not have access to because of "S" Ad/Seg housing. "S" cell have not been cleaned since his E.O.P. Ad Se housing. See 602 annexed hereto and is incorporated herein for a full detailed explaination of the facts of the case.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? Article 8 Appeals Cal. Code Regulations Title 15 Sec. 3085 A.W.D.A.
"S" requests that his cell be cleaned and thereafter cleaned on a regular basis. That "S" be released from Ad/Seg and rehoused where "S" has access to the services of the A.D.A. inmate worker's program.

*Tomas Lopez Meneweather*          12/10/06
INMATE/PAROLEE'S SIGNATURE          DATE SIGNED

12/21/06 moved to D3
           moved to ASU

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

## REVIEWER'S ACTION

DATE ASSIGNED TO REVIEWER: 12-14-06
DATE DUE: 1-8-07

**TYPE OF ADA ISSUE**

☒ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)
  ☐ Auxiliary Aid or Device Requested
  ☒ Other  Cell Cleaner

☐ PHYSICAL ACCESS (requiring structural modification)

DISCUSSION OF FINDINGS: ON 12-21-06, APPELLANT WAS RELEASED FROM ASU. ASU DOES NOT HAVE AN ADA WORKER PROGRAM FOR SECURITY REASONS. CUSTODY STAFF ARE RESPONSIBLE & INMATES ARE RESPONSIBLE TO MAINTAIN THE CLEANLINESS OF THIER ASSIGNED CELL. IF THE DETERMINATION IS MADE THAT THE INMATE CANNOT MAINTAIN THE CLEANLINESS OF THE CELL, CUSTODY STAFF WILL CLEAN THE CELL.

DATE INMATE/PAROLEE WAS INTERVIEWED         PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**
☐ GRANTED   ☐ DENIED   ☒ PARTIALLY GRANTED

BASIS OF DECISION: INMATE IS NO LONGER HOUSED IN ASU. APPELLANT HAS BEEN REHOUSED IN EOP/GENERAL POPULATION.

NOTE: If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

DISPOSITION RENDERED BY: (NAME)  Ippolito J.
TITLE  Sergeant
INSTITUTION/FACILITY  S.U.S.P.

**APPROVAL**
ASSOCIATE WARDEN'S SIGNATURE         DATE SIGNED  1-8-07

DATE RETURNED TO INMATE/PAROLEE      REC'D JAN 11 2007

STATE OF CALIFORNIA    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category  18

1. _____    1. _____    CA11-2nd
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: E.L. Meneweather    NUMBER: D-35219    ASSIGNMENT: Continuation 1824 Complaint    UNIT/ROOM NUMBER: D-2-111-L

A. Describe Problem: ON 7/18/06 "S" was returned to S.U.S.P. from D.M.H. at the California Medical Facility, Vacaville, and housed in E.O.P. Ad/Seg Cell D-2-111-L. "S" is a A.D. inmate who is mobility impaired and confined to a wheel chair. All of the herein named staff is aware of this. Salinas Valley State Prison have a A.D.A. inmate workers program who are paid to do the things that A.D.A. inmates cannot do for themselves. "S" do not have access to this program because of "S" Ad/Seg housing. Since "S" return to S.U.S.P. on 7/18/06 "S" have made numerous and repeated requests to C/O's B. Powell; D. Ferry; T. Miller; L. Bailey; A. Meyer;

If you need more space, attach one additional sheet. Rincon; and Reyes." Continued on Additional Sheet

B. Action Requested: "S" cell be cleaned, and thereafter cleaned on a regular basis. And that this 602 is processed through third level for court litigation and that "S" be rehoused where "S" have access to the inmate A.D.A. worker program.

Inmate/Parolee Signature: Tomas Lopez Meneweather    Date Submitted: 12/10/06

RECD JAN 29 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: BY PASS

DELIVERED FEB 13 2007
RECD FEB 15 2007

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BY PASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number:

1/29/07 received w/o the 1824 attached.

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                                          Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

"S" is dissatisfied with first level's responce of "it is staff's responsibility to clean cell only after a determination had been made that "S" could not clean his own cell" with no indication of how long it would take to make the determination." This condit. existed from 7/08/06 until 12/21/06 over five months!! Clear deliberate indifference "S" 1&2 complaint annexed to and incorporated in this 602.

Signature: _____ Date Submitted: 1/23/07

Second Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 2/16/07  Due Date: 3/5/07
☐ See Attached Letter

Signature: _____ Rankin _____ Date Completed: 3-5-07
Warden/Superintendent Signature: _____ REC'D MAR 16 2007  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

"S" is dissatisfied with second level's response and requests Director's level review for the following reasons: On 3/16/07 "S" received second level's response which was due on 1/05/07. "S" has been rehoused in AD/SEG since 1/23/07 a total of 52 days as of today's date 3/16/07. At first level seargeant J. Conceded that it was housing staff's responsibility to clean "S" cell as Ppolito reconseded by second level, not once have "S" cell been cleaned....

Signature: _____ Date Submitted: 3/16/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____
☐ See Attached Letter
                                                                    Date: APR 1 8 2007
CDC 602 (12/87)

"Additional Sheet To 602"

that "S" cell be cleaned, they refused to do so, and some times they jus look at "S" and ignore "S"; then "S" requests to see the Seargeant, Ipulito their immediate supervisor, they refused to summon him and then threate to force "S" to accep a celly who would prey on "S" disabilities by taking "S" personal property and food at their discretion. "S" has brought this problem to the counselors and Classification committee and requested single cell status to avoid this problem but prison administrators refuses to give "S" single cell status, or replace "S" stolen properties. On three prior ocassions "S" was forced to live in his cell with at least a inch of water and waste from other inmates toilets for as long as five days, until the air from the vent in my cell dries it up. All of these prison Guards knows and should have known that their refusal to act and failure to act, and their act Subjects "S" to Cruel and unusual punishment in violation of "S" Federal Constitutional Rights, embraced in the VIII Amendment and XIV Amendments of the Constitution. On Tuesday, 9/26/06 "S" was escorted to Group theraphy Conducted by Dr. Glover, during the group "S" brought the Condition of his cell to the attention of Dr. Glover and requested that he speak to the Seargeant about having someone clean "S" cell; he agreed to do so. On the following day wednsday 9/27/06, "S" was escorted to see the Nurse about "S" medication being readjusted, and, about a cold, stopped up nose, congestion in "S" chest and lungs, chills, difficulties in breathing and coughing up green mucus from having to live in a cell filled with water, waste and the smell of human feces. Seargent Ipulito was talking to the Nurse when "S" arrived "S" asked him if Dr. Glover had

spoken with him about "S" living conditions and the necessity for someone to clean "S" cell, and, thereafter on a regular basis. He denied having a conversation with Dr. Glover and walked away before "S" could finish speaking with him and request that "S" cell be cleaned or that "S" be moved to another cell. On 11/23/06 and again on 11/27/06 "S" asked the 3/w medical staff O'Kelly to do a 7219 report on the conditions of "S" cell and "S" health problems caused by the filthy condition of "S" cell, he refused, and, stated that he would not do the report because it could be used against the officers and get them in trouble.

Each of the herein named prison guards knew and should have that their acts of refusal to act and failure to act violates Article 5 sec. 3060 of the Cal. Code of Regulations, Title 15, and, Article 2 section 3271 of Title 15 of the California Code of Regulations. Each of the herein named prison guards acts of refusal to act and failure to act was done under the color of state law in violation of Title 18 U.S.C.A. Crime and punishment chapter 13 Civil Rights, excerpt from p. 155 955. App. 10/26/05 sec. 241 and 242 deprivation of rights under color of law. And "S" rights to be free from cruel and unusual punishment, U.S. Const. Amendment VIII and "S" XIV Amendment rights of due process of law. Per Wolff v. McDonnell (1974) 539 U.S. 558, 560. All of the herein named prison guards/correctional officers and medical staff O'Kelly continues to violate "S" federal constitutional rights, and federal civil rights per 42 U.S.C.A. section 1983 and will continue to do so unless ordered and injoined by a federal court to cease and dissest.

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date:   March 6, 2007

To:     Inmate MENEWEATHER, D-35219
        Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-06-03893

**ISSUE**:

Appellant states that he is an ADA Inmate who is mobility impaired and confined to a wheelchair. Appellant claims that Salinas Valley State Prison currently has an ADA Inmate Workers Program where inmates are paid to assist ADA Inmates. Appellant claims that he doesn't have access to this program due to being housed in Administrative Segregation. Appellant claims that he has informed several staff members that he is unable to maintain the cleanliness of his cell due to his disability.

Appellant is requesting that his assigned cell be cleaned on a regular basis. Appellant requests that he be rehoused where he can have access to the Inmate ADA workers program.

**REGULATIONS**:

Armstrong Remedial Plan

**SUMMARY OF INVESTIGATION**:

The First Level of Review (FLR) was completed on December 21, 2006 by J. Ippolito, Correctional Sergeant. The appellant was not interviewed at the First Level of Review. Therefore, K. Nuckles, Correctional Sergeant, interviewed the appellant on March 6, 2007 at the Second Level of Review. Correctional Lieutenant R. Boccella was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM). The assigned staff member reviewed this appeal, the FLR, and the issues contained therein.

The appellant was placed in Administrative Segregation on January 6, 2007. The appellant was placed in Administrative Segregation due to his actions and the appellant is to remain in Administrative Segregation pending the completion of the disciplinary process. The Inmate Assistance Program is not available in Administrative Segregation due to security reasons. Reasonable



Inmate MENEWEATHER, D-35219
Case No. SVSP-D-06-03893
Page 2 of 2

accommodations have been made to assist the appellant with maintaining the cleanliness of the cell. In addition, correctional staff assigned to the appellant's building will clean the appellant's cell, as needed.

**DECISION**: The appeal is PARTIALLY GRANTED.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

G. NEOTTI
Chief Deputy Warden (A)
Salinas Valley State Prison

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: APR 1 8 2007

In re: Meneweather, D-35219
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0611357           Local Log No.: SVSP 06-03893

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner B. Sullivan, Staff Services Manager, I. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he is permanently mobility impaired from a stroke on his right side in 2002. He says he is housed in the Enhanced Outpatient Program (EOP) Administrative Segregation Unit (ASU) at Salinas Valley State Prison (SVSP) and is confined to a wheelchair. He says SVSP has an Americans with Disabilities Act (ADA) workers program for inmates with disabilities whose services the appellant does not have access to because of his ASU housing. He says his cell has not been cleaned since his EOP ASU placement. He asks that his cell be cleaned and thereafter, cleaned on a regular basis. He also asks to be released from ASU and rehoused where he has access to the services of the ADA inmate workers.

II   SECOND LEVEL'S DECISION: The reviewer found that the appellant was interviewed on March 6, 2007, at the Second Level of Review as an interview had not taken place at the First Level of Review. The appellant was placed into ASU on January 6, 2007 due to his actions and the appellant is to remain in ASU pending completion of the disciplinary process. The Inmate Assistance Program is not available in the ASU due to security reasons. Reasonable accommodations have been made to assist the appellant with maintaining the cleanliness of the cell. In addition, correctional staff assigned to the appellant's building will clean the appellant's cell as needed. The appeal is granted in part at the Second Level of Review.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A. FINDINGS: At the Director's Level of Review, the appellant says he has been rehoused in ASU since January 23, 2007. He says his cell has never been cleaned and that he has told staff that he needs help cleaning his cell. On April 16, 2007, the examiner spoke to V. Hernandez in the Appeals Coordinator's office a SVSP to inquire as to the appellant's cell concerns. Ms. Hernandez spoke to Correctional Officer Crawford who works in the control booth in the appellant's housing unit. CO Crawford stated that the appellant's cell was cleaned on April 15, 2007, and is continually cleaned every other day. The appellant is receiving reasonable accommodation for his mobility impairment at SVSP. It is noted the appellant receives the EOP level of care. As such he receives the most intense level of outpatient mental health care in the Mental Health Services Delivery System. The EOP is characterized by a separate housing unit and structured activities for mentally ill inmates who, because of their illness, experience adjustment difficulties in the general inmate population (GP) setting. The goal of the EOP is to provide focused evaluation and treatment of mental health conditions which are limiting an inmate's ability to adjust to a GP placement. The overall objective is to provide clinical intervention to return the individual to the lease restrictive clinical and custodial environment. After considering the evidence and arguments herein, it has been determined that staff acted appropriately on the appellant's request.

   B. BASIS FOR THE DECISION:
   Armstrong v. Davis Court Ordered Remedial Plan: ARPI, ARPII.A, ARPII.F, ARPIV.G, ARPIV.I.21
   California Code of Regulations, Title 15, Section: 3085, 3350, 3354

   C. ORDER: No changes or modifications are required by the institution.

MENEWEATHER, D-35219
CASE NO. 0611357
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, SVSP
      Health Care Manager, SVSP
      Appeals Coordinator, SVSP
      Medical Appeals Analyst, SVSP