IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TOMAS LOPEZ MENEWEATHER | ) | No. C 07-04204 SBA (PR) |
| Plaintiff, | ) | **ORDER OF SERVICE** |
| v. | ) | |
| B. POWELL, et al., | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff Tomas Lopez Meneweather, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), alleges a violation of his constitutional rights against the following Defendants: SVSP Correctional Officers B. Powell, D. Ferry, T.G. Miller, G. Bailey, A. Meyers, Rincon, Reyes, and J. Ippolito as well as SVSP Licenced Vocational Nurse O'Kelly.  Plaintiff has since filed an amended complaint, which raises the same Eighth Amendment claim from his original complaint. He has been granted leave to proceed in forma pauperis.

Venue is proper because a substantial part of the events giving rise to the action occurred at SVSP in Soledad, California, which is located in this judicial district.  See 28 U.S.C. § 1391(b).  The Court now reviews the claims raised in Plaintiff's action.

## BACKGROUND

The following allegations are taken from Plaintiff's original and amended complaints:

From July 18, 2006 to December 21, 2006 and from January 6, 2007 to July 12, 2007, Plaintiff was housed in administrative segregation and "unable to clean his cell." (Compl. at 3.)  He alleges that he is an "A.D.A. inmate" because he is confined to a wheelchair. (Am. Compl. at 3.)  Inmate workers are not allowed in administrative segregation, and "floor staff prison guards are supposed to clean Plaintiff's cell." (Compl. at 3.)  Other inmates "often flooded their cells by overflowing their toilets," thus, "water, waste and human feces came into Plaintiff's cell and was left there until the air from the vent dried it up which sometimes took several days." (Id.)  Plaintiff requested Defendants to

1  "clean [his] cell at numerous times over the days, weeks, and months of [his] administrative
2  segregation confinement, and they refused, causing Plaintiff to catch a[n] incurable sinus infection
3  and pnemonia [sic]."  (Am. Compl. at 3.)  Plaintiff further claims that on November 23, 2006 and
4  November 27, 2006, he asked Defendant O'Kelly, who was part of the SVSP medical staff, to draft a
5  "report on the conditions of [his] cell and [his] health problems caused by the filthy condition of [his]
6  cell, but [Defendant O'Kelly] refused . . . ."  (Pl.'s Ex. A, Attach. to 602 Inmate Appeal at 2.)

7  Plaintiff seeks monetary damages.  (Am. Compl. at 3-4.)

## DISCUSSION

### I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable for implementing "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

## II.   Eighth Amendment Claim

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See id. at 732-73. The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." See, e.g., Farmer, 511 U.S. at 834 (inmate safety); Helling, 509 U.S. at 32-33 (inmate health); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health).

Neither negligence nor gross negligence will constitute deliberate indifference. See Farmer, 511 U.S. at 835-36 & n.4; see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See id. at 842. This is a question of fact. See Farmer, 511 U.S. at 842. A heightened pleading standard applies to the subjective prong of Eighth Amendment claims: the plaintiff must make nonconclusory allegations supporting an inference of unlawful intent. Alfrey v. United States, 276 F.3d 557, 567-68 (9th Cir.

3

2002) (applying standard to <u>Bivens</u> Eighth Amendment claim).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. <u>See, e.g.</u>, <u>Holloway v. Gunnell</u>, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); <u>Evans v. Fogg</u>, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for twenty-four hours in refuse strewn cell and for two days in flooded cell). Federal courts instead should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. <u>See</u> <u>Wright v. Rushen</u>, 642 F.2d 1129, 1132 (9th Cir. 1981).

Plaintiff alleges that the named Defendants, who are mostly SVSP correctional officers, were responsible for cleaning his cell; however, they "refused" Plaintiff's requests to have his cell cleaned. (Am. Compl. at 3.) Plaintiff alleges that he is disabled and cannot adequately clean his own cell. He claims that "waste and human feces" from neighboring cells flooded into his cell, and Defendants refused to clean his cell for up to "several days." (Compl. at 3.) Plaintiff also alleges that Defendant O'Kelly acted with deliberate indifference by refusing to file a report about the "filthy" conditions in Plaintiff's cell. Plaintiff alleges that Defendants' actions caused him to become ill.

Liberally construed, Plaintiff states a COGNIZABLE Eighth Amendment claim that Defendants Powell, Ferry, Miller, Bailey, Meyers, Rincon, Reyes, Ippolito and O'Kelly acted with deliberate indifference to his health and safety needs.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court finds COGNIZABLE Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Powell, Ferry, Miller, Bailey, Meyers, Rincon, Reyes, Ippolito and O'Kelly.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the complaint and amended complaint as well as copies of all attachments thereto (docket nos. 1, 4); and (2) a copy of this Order upon **SVSP Correctional Officers B. Powell, D. Ferry, T.G. Miller, G. Bailey, A. Meyers, J. Ippolito, Reyes and Rincon as well as SVSP Licensed Vocational Nurse O'Kelly.** The Clerk shall also mail copies of these

4

documents to the Attorney General of the State of California.  Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

       3.      In order to expedite the resolution of this case, the Court orders as follows:

          a.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

          b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **forty-five (45) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.     If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

      d.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

5.     All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

6.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.     Extensions of time are not favored, though reasonable extensions will be granted.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued.  Any motion for an extension of time must be filed no later

than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 10/2/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TOMAS L MENEWEATHER,

    Plaintiff,

v.

B POWELL et al,

    Defendant.

Case Number: CV07-04204 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tomas Lopez Meneweather D35219
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: October 3, 2008

    Richard W. Wieking, Clerk
    By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Meneweather4204.service.frm