IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS LOPEZ MENEWEATHER ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> B. POWELL, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 07-04204 SBA (PR) <br><br> **ORDER GRANTING MOTION TO AMEND COMPLAINT TO ADD SUPERVISORY LIABILITY CLAIMS AND DISMISSING SUPERVISORY LIABILITY CLAIMS WITH LEAVE TO AMEND** <br><br> (Docket no. 12) |

Plaintiff Tomas Lopez Meneweather, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a constitutional rights violation while incarcerated at SVSP. Plaintiff filed an amended complaint raising the same Eighth Amendment claim from his original complaint. On October 2, 2008, the Court issued an Order of Service.

Before the Court is Plaintiff's Motion to Amend the Complaint to Include Defendants K. Nuckles, R. Boccella and G. Neotti (docket no. 12). Upon reviewing Plaintiff's motion, the Court construes his motion as a request to file an amendment to the complaint.

A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). Where a plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the trial court. Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).

The Court notes that while an order of service has been issued, Defendants in this action have not filed an answer at this time. Plaintiff may as a matter of course amend his complaint because a responsive pleading has not yet been served. See Fed. R. Civ. P. 15(a). While Plaintiff has previously filed an Amended Complaint, the Court finds that it is in the interests of justice to allow Plaintiff filed the aforementioned amendment to the complaint. See Janicki Logging Co., 42 F.3d at 566. Accordingly, Plaintiff's motion for leave to file an amendment to the complaint (docket no. 12)

is GRANTED.

The Court has reviewed Plaintiff's amendment to the complaint and construes his allegations asserted against the proposed additional Defendants -- SVSP Sergeant K. Nuckles, SVSP Lieutenant R. Boccella and SVSP Associate Warden G. Neotti -- as supervisory liability claims. However, for the aforementioned Defendants to be liable as supervisors, Plaintiff must allege that they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). He has not made such a claim. Accordingly, Plaintiff's supervisory liability claims against Defendants Nuckles, Boccella and Neotti are dismissed with leave to amend.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for leave to file an amendment to the complaint (docket no. 12) is GRANTED. The Clerk of the Court is directed to file Plaintiff's motion, which is labeled "Motion to Amend the Complaint to Include Defendants K. Nuckles, R. Boccella and G. Neotti," and docket the aforementioned document as Plaintiff's "Amendment to the Complaint." The Clerk of Court is further directed to mark the Amendment to the Complaint as filed on November 25, 2008, the date it was received by the Court.

2. Plaintiff's supervisory liability claims against Defendants Nuckles, Boccella and Neotti are DISMISSED with leave to amend as indicated above. Within **thirty (30) days** of the date of this Order Plaintiff may file an amended supervisory liability claim against Defendants Nuckles, Boccella and Neotti (Plaintiff shall resubmit only those claims and not the entire complaint) as set forth above. He must clearly label the document his "Second Amendment to the Complaint," and write in the case number for this action. The failure to do so within the thirty-day deadline will result in the dismissal of Plaintiff's supervisory liability claim against Defendants Nuckles, Boccella and Neotti.

3. This Order terminates Docket no. 12.

IT IS SO ORDERED.

DATED: 12/8/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG

P:\PRO-SE\SBA\CR.07\Meneweather4204.grantAMEND&DWLA.frm

United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TOMAS L MENEWEATHER,

    Plaintiff,

 v.

B POWELL et al,

    Defendant.

Case Number: CV07-04204 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 11, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tomas Lopez Meneweather D35219
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: December 11, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Meneweather4204.grantAMEND&DWLA.frm