IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS L. MENEWEATHER,<br><br>        Plaintiff,<br><br>  v.<br><br>B. POWELL, et al.,<br><br>        Defendants.     / | No. C 07-04204 SBA (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND ADDRESSING OTHER PENDING MOTIONS**<br><br>(Docket nos. 9, 38, 39) |

This is a civil rights suit filed pro se by a state inmate. Defendants have filed a motion for summary judgment. Plaintiff has moved for appointment of counsel on grounds that he is "elderly" and "has a limited educational background." (Mot. for Appt. of Counsel at 1.) He has also moved for an "order of protection" because he claims that Defendants are "retaliat[ing] against him for filing the above entitled law suit and for filing a prison grievance . . . ." (Mot. for Order of Protection and Appt. of Counsel at 1.) Finally, also before the Court is Plaintiff's "Motion to Declare Null and Void Written Agreement With Daughter in this Case."

There is no constitutional right to counsel in a civil case. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

The district court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. Neither the need for discovery, nor the fact

1  that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the
2  issues involved as complex.  See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was
3  comprehensive and focused and his papers were generally articulate and organized, district court did
4  not abuse discretion in denying request for counsel).

5       Here, Plaintiff has been able to articulate his claims adequately pro se in light of the
6  complexity of the issues involved, and the issues presented in Defendants' motion for summary
7  judgment are straightforward.  Accordingly, the Court finds that appointment of counsel is not
8  necessary at this time.  Plaintiff's motions for appointment of counsel (docket nos. 38, 39) are
9  DENIED without prejudice.

10       The Court notes that Plaintiff has yet to file his opposition to Defendants' motion for
11  summary judgment.  While the Court has denied Plaintiff's requests for appointment of counsel, it
12  finds that an extension of time for Plaintiff to file his opposition is warranted.  Accordingly, the
13  Court GRANTS Plaintiff an extension of time to file his opposition.  The parties are directed to
14  abide by the briefing schedule below.

15       Plaintiff has also moved for an "order of protection," which the Court will construe as a
16  motion for leave to amend the complaint to add a new claim.  Plaintiff alleges that on February 12,
17  2009, prison medical staff at Salinas Valley State Prison "altered [his] pain medication order" in
18  retaliation against him for filing this lawsuit and for filing a prison grievance.  (Mot. for Order of
19  Protection and Appt. of Counsel at 1.)  However, the acts of which Plaintiff complained in his
20  original complaint occurred at SVSP.  The Court finds that the newly alleged retaliation claim is too
21  far removed in time to be considered part of the claims originally raised.  Therefore, leave to amend
22  the complaint to add this claim is DENIED.  If he so chooses, he may file a separate and new action
23  raising this claim.

24       Finally, Plaintiff has filed a document entitled, "Motion to Declare Null and Void Written
25  Agreement With Daughter in this Case."  In that motion, Plaintiff claims he wrote a letter to his
26  daughter, which indicated that any proceeds from this civil action "was to be divided between
27  [Plaintiff], [his] grandchildren from [his daughter], and two grandsons from [his] deceased son."
28  (Mot. to Declare Null and Void Written Agreement With Daughter in this Case at 1.)  It appears that

Plaintiff has since changed his mind because he now requests the Court "to declare any and all legal entitlements based on that letter or any other [document] null and void and that all proceeds [from the instant action] . . . goes only to [Plaintiff] or an account by [his] choosing." (Id. at 2.) The proceedings are at an early stage, and it is premature for Plaintiff to file such a motion. Accordingly, Plaintiff's motion is DENIED without prejudice to renewing only if he succeeds in obtaining a recovery after this action has been resolved.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motions for appointment of counsel (docket nos. 38, 39) are DENIED.

2. The Court GRANTS Plaintiff an extension of time to file his opposition to Defendants' motion for summary judgment. His opposition shall be filed no later than **thirty (30) days** from the date of this Order. If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed. **No further extensions of time will be granted in this case absent exigent circumstances.**

3. Plaintiff's motion for an "order of protection" (docket no. 38), which has been construed as a motion for leave to amend the complaint to add a new claim, is DENIED. If Plaintiff so chooses, he may file a separate and new action raising this claim. He must use the attached civil rights form and complete all sections of the form.

4. Plaintiff's "Motion to Declare Null and Void Written Agreement With Daughter in this Case" (docket no. 9) is DENIED without prejudice to renewing only if he succeeds in obtaining a recovery after this action has been resolved.

5. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

6. This Order terminates Docket nos. 9, 38 and 39.

IT IS SO ORDERED.

DATED: 5/12/09

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Meneweather4204.EOTopn&pendMOTS.wpd              3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TOMAS L MENEWEATHER,

        Plaintiff,

  v.

B POWELL et al,

        Defendant.

Case Number: CV07-04204 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 14, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tomas Lopez Meneweather D35219
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: May 14, 2009

                                    Richard W. Wieking, Clerk
                                    By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Meneweather4204.EOTo&pn&pendMOTS.wpd   1