UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TOMAS LOPEZ MENEWEATHER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>B. POWELL, et al.,<br><br>　　　　Defendants. | Case No: C 07-4204 SBA (PR)<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO COMPEL INITIAL DISCLOSURES**<br><br>Dkt. 80 |

　　　　This is a prisoner civil rights action under 42 U.S.C. § 1983 in which counsel has been appointed to represent Plaintiff. The parties are presently before the Court on Plaintiff's administrative motion to compel initial disclosures pursuant to Federal Rule of Civil Procedure 26. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.

**I.　　BACKGROUND**

　　　　Plaintiff commenced the instant action pro se on August 16, 2007. On September 27, 2011, the Court appointed the law firm of Sheppard, Mullin, Richter & Hampton and attorneys Otis McGee Jr. and James Higgins to represent Plaintiff. Dkt. 72. At the initial Case Management Conference held on November 17, 2011, Plaintiff raised the issue of Defendants' refusal to provide initial disclosures under Rule 26. Defendants countered that because Plaintiff initiated the action pro se, they were exempt from the initial disclosure requirements of Rule 26(a)(1)(B)(iv). The Court indicated that if the parties were unable to reach an agreement on the initial disclosure issue, Plaintiff could file an administrative motion to compel said disclosures. Accordingly, Plaintiff has filed an administrative

motion to compel Defendants to provide initial disclosures.  Dkt. 80.  Defendants have filed an opposition to the motion.  Dkt. 82.

## II.  DISCUSSION

Federal Rule of Civil Procedure 26 requires the parties to provide initial disclosures to the opposing party "without awaiting a discovery request[.]"  Fed. R. Civ. P. 26(a)(1).  The purpose of Rule 26 initial disclosures is to accelerate the exchange of basic information, encourage counsel to evaluate the case, and enhance settlement opportunities.  Schwarzer, et al., Cal. Practice Guide: Fed. Civ. P. Before Trial (The Rutter Group 2011) ¶ 1:190, at 11-27 (citing Notes of Advisory Committee on 1993 Amendments to Fed. R. Civ. P. 26(a)).

Various types of proceedings are exempt from the initial disclosure requirement, including "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision[.]"  Fed. R. Civ. P. 26(a)(1)(B)(iv).  Defendants rely on this provision as the basis for their refusal to provide initial disclosures to Plaintiff.  However, this exemption no longer applies because Plaintiff is now represented by counsel.  See Harris v. Hogle, No. 1:05-cv-815, 2010 WL 2302309, at *2 (W.D. Mich. June 4, 2010) (finding that the Rule 26(a)(1)(B)(iv) exemption "no longer applied" once plaintiff became represented by counsel).

Defendants cite Vaden v. Summerhill, 449 F.3d 1047 (9th Cir. 2006) for the proposition that where an action is commenced by a pro se prisoner, it is forever exempt from Rule 26.  Defs.' Opp'n at 3.  This contention lacks merit.  Vaden concerned whether a prisoner civil rights action was subject to the exhaustion requirement under the Prisoner Litigation Reform Act—not whether the initial disclosure requirement is triggered where counsel is appointed to represent a prisoner.  Moreover, Defendants overlook the Advisory Committee Notes following Rule 26 which provide that even if a case is exempt under Rule 26(a)(1)(B), "the court can order exchange of similar information in managing the action under Rule 16."  Fed. R. Civ. P. 26, Advisory Comm. Note (2000 Am.).

Finally, Defendants argue that requiring initial disclosures at this juncture is not an efficient use of the parties' time and resources. Defs.' Opp'n at 5. Again, the Court is not persuaded. Although this case has been pending for some time, it is important to note that counsel was only recently appointed. Thus, unlike a pro se plaintiff, an attorney will be able to utilize the initial disclosures in a manner consistent with the purposes of Rule 26; namely, to promote counsel's evaluation of the case and enhance settlement opportunities. Thus, the underlying purposes of Rule 26 will be served by requiring the exchange of initial disclosures, notwithstanding the length of time that the action has been pending.

## III.  CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's administrative motion to compel initial disclosures is GRANTED.

2. The parties are directed to provide their respective initial disclosures under Rule 26(a) by no later than January 10, 2012.

3. This Order terminates Docket 80.

IT IS SO ORDERED.

Dated:  December 13, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge