IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS LOPEZ MENEWEATHER,<br><br>        Plaintiff,<br><br>  v.<br><br>B. POWELL, et al.,<br><br>        Defendants. | No. C 07-04204 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF SUBSTITUTE COUNSEL** |

On September 27, 2012, the Court sua sponte appointed Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") to represent Plaintiff in this action on a pro bono basis. Dkt. 72. On May 11, 2012, Sheppard Mullin filed a motion to withdraw as counsel of record, pursuant to California Rules of Professional Conduct, rules 3-700(B)-(C). Dkt. 116. The Court granted Sheppard Mullin's unopposed motion on May 24, 2012. Dkt. 126.

On June 6, 2012, the Court held a Case Management Conference, at which time it maintained the trial date of September 17, 2012, as well as the previously-entered pretrial schedule. Dkt. 130. In addition, the Court referred the action to Magistrate Judge Nandor Vadas for a further settlement conference. Dkt. 130. On July 12, 2012, Magistrate Judge Vadas reported that the parties were unable to reach a settlement. Dkt. 134.

Before the Court is Plaintiff's "Motion for Appointment of Counsel," which shall be construed as a motion for appointment of substitute counsel because his previous counsel has withdrawn. Dkt. 132. For the reasons discussed below, the Court DENIES Plaintiff's motion.

## DISCUSSION

In his present motion for appointment of substitute counsel, Plaintiff states that previous attempts at settlement have been unsuccessful; therefore, he believes "that a jury trial is [his] best hope." (Mot. for Appt. of Counsel at 1.) Thus, Plaintiff requests appointment of counsel to "provide [him] with a[n] opportunity to obtain representation equally qualified with the proffessional [sic] counsel provided by the State for the defendants and performing of other difficult tasks of litigation by virtue of experience and of not being locked up . . . ." (Id. at 1-2.) Specifically, Plaintiff states

1 that during a hospital visit on June 15, 2012, "[a]ll of [his] confidential legal documents, CDs [and]
2 information provided to [him] by counsel appointed by the Court to assist [him] but later
3 withdrew was taken by prison guards" at Folsom State Prison. (Id. at 2.) He adds that prison guards
4 also took his "18 inch 18 karat gold rope chain with a 1 1/2 18 karat gold scorpion on it and
5 refuse[d] to return it." (Id.) He also states the following reasons in support of his request for
6 appointment of counsel: (1) his case "requires extensive documentary discovery and deposition of
7 prison guards"; (2) his case "has complex factual issues"; and (3) he has "physical disabilities that
8 would make it especially difficult for [him] to present this case without the assistance of counsel."
9 (Id.)

10 An indigent inmate bringing a section 1983 action has no right to be represented by an
11 attorney. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel
12 in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998)
13 (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within
14 "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin
15 v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). When determining whether "exceptional
16 circumstances" exist, a court must consider "the likelihood of success on the merits as well as the
17 ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues
18 involved." Palmer v. Valdez, 560 F.3d 965, 968 (9th Cir. 2009). Here, Plaintiff has made no
19 showing regarding the likelihood of success on the merits. At the same time, Plaintiff has exhibited
20 no difficult in articulating his claims in light of the complexity of the legal issues involved.

21 Aside from the foregoing, the Court notes that its actual ability to secure counsel for indigent
22 inmate is extremely limited. Few attorneys are willing to accept representation in these types of case
23 on a pro bono (i.e., no charge to the inmate) basis. In this instance, Plaintiff was fortunate to have a
24 firm of Sheppard Mullin's caliber agree to represent him. The firm is well respected and is staffed
25 by well trained attorneys. The Court granted Sheppard Mullin's motion to withdraw upon having
26 considered allegations that the firm "discovered a serious issue during the investigation and
27 prosecution of [Plaintiff's] claims." (Higgins Decl. ¶ 4.) The firm invested "over 300 hours of
28 attorney time on this matter, which includes three client visits, a site inspection, and attendance at a

2

1 settlement conference." (Id. ¶ 6.) The firm also "spent thousands of dollars obtaining [Plaintiff's] 2 personal and medical records." (Id.) Given these circumstances, the appointment of substitute 3 counsel–assuming that counsel could be located–would unduly delay resolution of this action, which 4 was commenced almost five years ago.

5 At this time, the Court finds that appointment of substitute counsel in the present case is not 6 warranted. As noted above, there are very few attorneys who will to take these types of cases. In 7 addition, Plaintiff faces the added disadvantage of already having counsel appointed for him in this 8 case. The fact that Plaintiff has already had a reputable firm represent him–and then withdraw–will 9 make it highly unlikely that a new attorney would be willing to take on this case. Indeed, it will 10 most likely prove to be very difficult to find an attorney willing to represent Plaintiff. In sum, the 11 Court finds that exceptional circumstances do not warrant the appointment of substitute counsel; 12 therefore, the Court DENIES Plaintiff's motion.

13 Plaintiff will have to proceed to trial without counsel to represent him. As far as the Court is 14 aware, Plaintiff is not a trained attorney, and therefore, is unfamiliar with the Federal Rules of Civil 15 Procedure, the Federal Rules of Evidence or the Court's Civil Local Rules. However, compliance 16 with the requirements set forth in those rules is mandatory. The fact that plaintiff is not represented 17 by counsel does not excuse his compliance with these rules. See Swimmer v. I.R.S., 811 F.2d 1343, 18 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the 19 litigant appears pro se.") (citation omitted). A pro se party must follow the same rules as a party 20 represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff also should 21 be aware that a violation of the above rules also could have serious consequences in terms of the 22 outcome of this action. For example, Plaintiff's failure to follow the applicable procedural and 23 evidentiary rules may result the exclusion of some or all of the evidence or testimony he plans to 24 present at trial. In addition, the failure to comply with these rules, or any order of this Court, may 25 result in the imposition of sanctions, up to and including the dismissal of this lawsuit. See Ferdik v. 26 Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

27 The Court notes that Plaintiff's allegation that his legal documents were taken by prison 28 guards during a hospital visit on June 15, 2012 does not affect its decision to deny appointment of

3

substitute counsel. Instead, the Court construes this statement as a request that the Court order prison officials at Folsom State Prison to return his legal documents. First, Plaintiff does not indicate whether these legal documents were eventually returned to him after his hospital visit. There is no indication that Plaintiff's legal documents were confiscated. Therefore, the motion is DENIED as premature because Plaintiff has not shown a sufficient reason for this Court to interfere in the day-to-day operations of the prison. See Turner v. Safley, 482 U.S. 78, 84-86 (1987); Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution).

If Plaintiff's legal documents were, in fact, confiscated, he must bring this claim before the United States District Court for the Eastern District of California. The events giving rise to any alleged claim stemming from the confiscation of his legal materials occurred at Folsom State Prison located in Represa, California, which lies within the venue of the Eastern District of California. See 28 U.S.C. § 84(b). Therefore, venue is not proper in this district. See 28 U.S.C. § 1391(b). Accordingly, if Plaintiff wishes to pursue any constitutional claims stemming from the confiscation of his legal materials, he must file a complaint in the Eastern District of California.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for appointment of substitute counsel. Dkt. 132.

This Order terminates Docket no. 132.

IT IS SO ORDERED.

DATED: ___7/20/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

G:\PRO-SE\SBA\CR.07\Meneweather4204.denyingAPPTattyAFTERwithdrawal.wpd 4

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS L MENEWEATHER, | Case Number: CV07-04204 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| B POWELL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tomas Lopez Meneweather D35219
California State Prison - Sacramento
100 Prison Road
Represa, CA 95671

Dated: July 24, 2012

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.07\Meneweather4204.denyingAPPTattyAFTERwithdrawal.wpd 5