IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS LOPEZ MENEWEATHER,<br><br>        Plaintiff,<br>v.<br><br>B. POWELL, et al.,<br><br>        Defendants.<br>_____/ | No. C 07-04204 SBA (PR)<br><br>**AMENDED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONTINUANCE** |

      As set forth in the previously-entered December 1, 2011 Order for Pretrial Preparation, pretrial documents were due to be filed by no later than August 14, 2012, in anticipation of the trial date, which currently is scheduled for September 17, 2012. Dkt. 79. On May 24, 2012, Plaintiff's court-appointed counsel were permitted to withdraw in accordance with the California Professional Rules of Conduct. Dkt. 126. On June 6, 2012, the Court held a Case Management Conference, at which time it maintained the trial date of September 17, 2012, as well as the previously-entered pretrial schedule. Dkt. 130. In addition, the Court referred the action to Magistrate Judge Nandor Vadas for a further settlement conference. Dkt. 130. On July 12, 2012, Magistrate Judge Vadas reported that the parties were unable to reach a settlement. Dkt. 134.

      On August 14, 2012, Defendants timely filed their pretrial documents. Plaintiff filed nothing. In Defendants' Pretrial Statement, Defendants' counsel informed the Court that she "attempted on several occasions to telephonically meet and confer with Plaintiff Meneweather about submitting a joint pre-trial statement and all documents under the Court's Order for Pretrial Preparation . . . [h]owever, because Meneweather was unavailable due to medical reasons, Defendants have filed this Pretrial Statement and all other documents required by the Court's Order for Pretrial Preparation separately." (Defs.' Pretrial Statement at 1-2.) Defendants' counsel claimed

that Plaintiff advised her that he intended on "filing a motion to continue the trial date and the date for filing all pretrial documents." (Id. at 2.)

On August 17, 2012, Plaintiff filed a "Motion for Continuance." Dkt. 162. Plaintiff alleges that he has been "too sick" to prepare his pretrial documents, and requests a "continuance" to prepare his pretrial documents and "recover enough to go to Court and represent [himself] as the Court ordered." (Mot. for EOT at 2.) The Court liberally construes Plaintiff's motion as a request for an extension of the deadline to file pretrial documents and to continue the trial date.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 16(b)(3), district courts are authorized to enter a scheduling order to establish various deadlines, including the date for trial. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by [the parties] without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (citation and quotations omitted). Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609. Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). Where the moving party has not been diligent, the inquiry ends and the motion should be denied. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson, 975 F.2d at 609.

Here, Plaintiff claims that he needs an extension (of unspecified duration) of pretrial document deadlines and the trial dates due to a "serious illness" and that he has been "hospitalized several times since 11/2011 in community hospitals." (Mot. for EOT at 1.) He claims that he "suffers from kidney failure which require[s] surgery for dialysis, and cardiac and other problems." (Id.) Finally, he alleges that he was "released from San Juaquin [sic] County Hospital on Friday, 8/10/2012 and [has] been too sick to prepare documents . . . ." (Id. at 1-2.)

Plaintiff has not demonstrated good cause to support his request for a continuance. As an initial matter, Plaintiff does not attach any supporting medical documentation to his motion. In

2

1 addition, the Court notes that while Plaintiff claims to have been "hospitalized several times since 2 11/2011," to date, he has not requested a continuance of this action due to his alleged medical 3 condition. Plaintiff had been represented by counsel from September 22, 2011 through May 23, 4 2012, when the Court granted his counsel's motion to withdraw. Prior to withdrawing, Plaintiff's 5 counsel filed the necessary documents in this matter, but did not seek any continuances based on 6 Plaintiff's medical condition.

7 After Plaintiff's counsel withdrew, the Court notes that Plaintiff, acting pro se, and defense 8 counsel filed a joint case management statement on May 30, 2012. That statement contains no 9 mention of any medical conditions that might interfere with Plaintiff's ability to prepare for trial. 10 Since then, Plaintiff participated in the settlement proceedings before Magistrate Judge Vadas and 11 filed various documents with the Court, including a motion for substitute counsel and a notice for 12 "expert witness disclosure." In his motion for substitute counsel, Plaintiff made a conclusory 13 statement that his "physical disabilities" would "make it especially difficult for Plaintiff to present 14 this case without assistance of counsel." (Mot. for Sub. Counsel at 2.) Again, he did not attach any 15 medical documentation to support his claim relating to his alleged "physical disabilities." In an 16 Order dated July 20, 2012, the Court denied Plaintiff's motion for substitute counsel upon finding 17 that the circumstances did not warrant the appointment of substitute counsel.

18 Here, the Court finds that Plaintiff has again presented an unsubstantiated, conclusory claim 19 that he suffers from a medical condition that is preventing him being able to present his case and 20 meet the aforementioned Court deadlines. Although Plaintiff is proceeding pro se (i.e., without an 21 attorney) he nevertheless remains obligated to follow the same rules as represented parties. See 22 Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). 23 Despite this, Plaintiff has failed to support his request with any medical documentation, and he has 24 otherwise failed to show that he has been diligent in prosecuting this action. As the Court noted 25 above, Plaintiff has been able to prosecute his case and file the necessary Court documents with and 26 without counsel notwithstanding being allegedly "hospitalized several times since 11/2011" and 27 suffering from alleged "physical disabilities." The Court finds that no exigent circumstances exist at 28 this time to justify an extension of time to file documents necessary for pretrial preparation or to

continue the trial date. Accordingly, the Court finds that the Plaintiff's motion fails to demonstrate good cause to alter the pretrial schedule.[1]

The above notwithstanding, the Court is mindful that the denial of Plaintiff's motion could lead to the dismissal of the action. Although Plaintiff's non-compliance with this Court's pretrial scheduling order presents grounds for dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b), the Court also is mindful of its obligation to consider less drastic alternatives. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Therefore, the Court grants Plaintiff leave to submit a renewed motion for continuance which is properly supported with medical documentation to establish his alleged inability to comply with the Court's scheduling order despite the exercise of diligence. If Plaintiff is unable or unwilling to submit a renewed motion, he shall submit his pretrial documents in the time-frame specified below.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's "Motion for Continuance" (Dkt. 162) is GRANTED IN PART and DENIED IN PART.

2. Within **twenty-one (21) days** from the date this Order is filed, Plaintiff may refile a renewed motion for continuance which corrects the deficiencies discussed above. Specifically, any renewed motion must include supporting documentation from his medical doctor and/or medical provider indicating that Plaintiff is unable to prosecute this action due to a valid medical condition. The supporting documentation should be signed by Plaintiff's medical doctor/provider and specifically explain how Plaintiff's alleged medical condition prevents him from filing the documents necessary for pretrial preparation and from representing himself at trial. Plaintiff shall

---

[1] The Court also notes that Plaintiff's motion fails to comport with Local Rule 6-1(b) and 6-3 which require the movant to submit a declaration in support of the request. Plaintiff's failure to comply with Local Rule 6, standing alone, constitutes grounds for denying the instant motion. Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

1  also provide documented proof of his alleged hospitalization, including the exact dates and the
2  reason for his hospitalization. The Court will not entertain another motion for a continuance if
3  Plaintiff is unable to support his claim that he suffers from a medical condition with the
4  aforementioned supporting medical documentation. If Plaintiff does not file a renewed motion
5  within the twenty-one day deadline, he shall submit the documents necessary for pretrial preparation
6  no later than **twenty-one (21) days** from the date this Order is filed, as these documents are already
7  overdue.

8      3.     The trial date of September 24, 2012 is VACATED. The trial date will be reset after
9  the twenty-one-day deadline specified above has lapsed.

10      4.     Failure to comply with this Order may result in the dismissal of the action under
11  Federal Rule of Civil Procedure 41(b) for failure to prosecute.

12      5.     This Order terminates Docket no. 162.

13  IT IS SO ORDERED.

14  DATED: 8/24/12

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.07\Meneweather4204.denyingMot2CONT.wpd      5