IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS LOPEZ MENEWEATHER,<br><br>    Plaintiff,<br><br>v.<br><br>B. POWELL, et al.,<br><br>    Defendants. | No. C 07-04204 SBA (PR)<br><br>**ORDER STAYING PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE** |

## INTRODUCTION

This prisoner civil rights case was scheduled to go to trial on September 17, 2012. However, on August 17, 2012, Plaintiff, who is pro se, filed a motion for continuance to prepare his pretrial documents based on alleged medical reasons. In its August 24, 2012 "Amended Order Granting in Part and Denying in Part Plaintiff's Motion for Continuance," the Court granted Plaintiff twenty-one days from the date of that Order to refile a renewed motion for continuance supported by medical documentation to "explain how [his] alleged medical condition prevents him from filing the documents necessary for pretrial preparation and from representing himself at trial." (Aug. 24, 2012 Order at 4.) The Court also warned Plaintiff that it would "not entertain another motion for a continuance if [he] is unable to support his claim that he suffers from a medical condition with the aforementioned supporting medical documentation." (Id. at 5.)

On March 25, 2013, Plaintiff filed his renewed motion for continuance (Docket No. 173). Also before the Court is Plaintiff's motion for appointment of counsel (Docket No. 167).

In an Order dated June 27, 2013, the Court referred this matter to Magistrate Judge Nandor Vadas for a Report and Recommendation on Plaintiff's renewed motion for a continuance (Docket no. 173). On July 31, 2013, Magistrate Judge Vadas issued his Report and Recommendation in which he recommended granting a four-month continuance. (Docket No. 185).

On August 14, 2013, Defendants filed a "Statement of Updated Status Regarding Plaintiff's Request for Extension of Time to File Pretrial Documents," in which they request that the Court stay its decision on whether or not to adopt Magistrate Judge Vadas's Report and Recommendation.

Defendants state that on August 12, 2013, Plaintiff "was moved, temporarily, from CSP-Sacramento to the California Health Care Facility (CHCF) in Stockton, a newly-opened [Department of State Hospitals] facility providing intermediate-level medical and mental health care to patients within the state prison system." (Defs.' Aug. 14, 2013 Statement at 3.) Defendants add that the CHCF litigation coordination has advised them that "shortly after his arrival at CHCF, [Plaintiff] was transferred to the hospital . . . [and] Defendants' counsel has been unable to contact [Plaintiff.]" (Id.) Plaintiff has not communicated with the Court since the issuance of the Report and Recommendation.

## DISCUSSION

Federal district courts have the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 (1936). When there is an independent proceeding related to a matter before the trial court, court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." See Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).

In determining whether a stay is appropriate, the court must consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Landis, 299 U.S. at 254.

In considering a stay request, the Court generally is to consider the following:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation;
>
> and (5) the interest of the public in the pending civil and criminal litigation.

2

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 -325 (9th Cir. 1995); accord Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

A district court's decision to grant or deny a Landis stay is a matter of discretion. See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). The party proposing the stay bears the burden of proving that such a discretionary stay is warranted. See Clinton v. Jones, 520 U.S. 681, 708 (1997).

Here, a stay of these proceedings under the rationale of Landis is appropriate. Although this case was slated to go to trial almost a year ago, Plaintiff has repeatedly requested continuances on the grounds that he has been unable to prepare his pretrial documents due to his alleged medical conditions. Most recently, Plaintiff has been hospitalized, and Defendants now are unable to contact him. Because it is unclear how long Plaintiff's medical condition will delay trial (and prevent Defendants from communicating with him), the Court finds that maintaining the action on the Court's active civil calendar -- possibly indefinitely -- prevents the efficient management of its cases. In addition, the parties are not prejudiced by such a stay. Specifically, Plaintiff has neither displayed the need or desire to proceed expeditiously with this litigation nor presented the Court with any potential prejudice he may suffer due to the delay caused by a stay. Moreover, Defendants would be prejudiced if a stay is not granted, given that they have requested a stay due to their inability to contact Plaintiff while he is in the hospital. Once Plaintiff is ready to proceed with this case, he should so inform the Court and the action will be reopened and scheduled for trial. Accordingly,

Good cause appearing therefor, the instant proceedings are STAYED and the case is ADMINISTRATIVELY CLOSED. All pending matters -- including Plaintiff's motion for appointment of counsel and renewed motion for continuance (Docket Nos. 167, 173) as well as Magistrate Judge Vadas's Report and Recommendation (Docket No. 185) -- are terminated.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

3

1. The instant action is hereby STAYED.

2. The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

3. No later that **twenty-eight (28) days** after Plaintiff's release from the hospital, or at such time as he is prepared to proceed to trial in this case while he remains in the hospital, he may file a motion to reopen the action and lift the stay. If Plaintiff is released from the hospital, he shall also provide his current address along with his motion to reopen. Once the action is reopened, it will be restored to the Court's active civil docket. The Court will then either (1) decide whether to adopt Magistrate Judge Vadas's Report and Recommendation or (2) issue a new briefing schedule for pretrial preparation and schedule a Case Management Conference for the purpose of resetting this case for trial.

4. Failure to comply with this Order may result in the imposition of sanctions, up to and including dismissal of the action under Federal Rule of Civil Procedure 41(b).

5. This Order terminates all pending matters (Docket Nos. 167, 173, 185).

IT IS SO ORDERED.

DATED: 8/28/2013

SAUNDRA BROWN ARMSTRONG
United States District Judge