UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

TOMAS LOPEZ MENEWEATHER,

        Plaintiff,

    vs.

B. POWELL, et al.,

        Defendants.

Case No: C 07-4204 SBA

**ORDER REOPENING ACTION AND WITHDRAWING REFERENCE FROM THE FEDERAL PRO BONO PROJECT**

Plaintiff Tomas Lopez Meneweather ("Plaintiff"), a state prisoner, brings the instant action under 42 U.S.C. § 1983, alleging that alleging Eighth Amendment violations arising from unsanitary conditions of confinement while he was housed at the Salinas Valley State Prison ("SVSP"). He claims that other inmates intentionally flooded their cells, causing waste-contaminated water to enter his cell where it would remain until it dried up, which, in turn, caused him to become ill. Plaintiff sued Defendants—SVSP correctional officers and a nurse—alleging that they denied his repeated requests to clean his cell, to assign him an inmate worker to clean his cell, or to release him from administrative segregation to general population where he could receive an inmate worker to clean his cell. Defendants contend that Plaintiff's claims are unfounded that he lacks evidence to substantiate that the contamination occurred or that he became sick as a result.

Earlier in the case, the Court appointed the law firm of Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") to represent Plaintiff in this action on a pro bono basis. Dkt. 72. After representing Plaintiff for approximately eight months, Sheppard Mullin sound to withdraw as counsel of based on mandatory and permissive withdrawal provisions set forth in California Rules of Professional Conduct, rules 3-700(B) and (C), respectively. Dkts. 116. Plaintiff subsequently requested the appointment of substitute counsel, which

the Court denied. Dkts. 132, 136. Applying the governing legal standard for evaluating such requests, the Court concluded, inter alia, that Plaintiff exhibited no difficulty in articulating his claims in light of the complexity of the legal issues involved, and also, in part, because Sheppard Mullin's withdrawal due to ethical concerns would make it "very difficult to find an attorney willing to represent Plaintiff." Dkt. 136 at 2-3.

The most recent trial date in this action was February 22, 2016. Dkt. 201. In anticipation of trial, Defendants timely filed their pretrial documents and motions in limine; however, Plaintiff failed to file any documents. Instead, well after his filing deadline had passed, Plaintiff filed a renewed motion for appointment of counsel and request for an extension of time to file pretrial documents. Dkts. 221, 222. According to Plaintiff, appointed counsel is necessary because he suffers from paralysis, which impedes the use of his right hand, and that use of his left hand is impaired such that he cannot write, open mail, or "turn pages." Dkt. 221. At the direction of the Court, Defendants filed a response to Plaintiff's requests and submitted his medical and mental health records (under seal) to facilitate the Court's evaluation his claims. Dkts. 225-4, 224-5, 225-6. Defendants stated that while they opposed the reappointment of counsel, they did not oppose a brief extension of time for Plaintiff to file his pretrial documents.

On August 26, 2016, the Court issued its ruling on Plaintiff's motion for the appointment of counsel and request for an extension of time. The Court, upon reviewing the records submitted, concluded although Plaintiff had overstated the nature and extent of his purported afflictions. Nonetheless, out of an abundance of caution, the Court granted Plaintiff's request for counsel and re-referred the action to the Federal Pro Bono Project ("FPBP") to ascertain whether there is pro bono willing to represent Plaintiff in this case. Dkt. 228 at 7. The Court further stated that: "In the event the FPBP is unable to locate suitable counsel within the 30 day referral period, the referral will automatically be deemed withdrawn and a new trial date and deadlines for pretrial documents and other filings will be set." Id. at 9. The FPBP has since notified the Court that it has been unable to locate counsel willing to represent Plaintiff in this case. Accordingly,

IT IS HEREBY ORDERED THAT:

1. The instant action shall be reopened.

2. By no later than October 26, 2017, Plaintiff shall file the following:

    a. Pretrial conference statement

    b. Trial brief

    c. Witness list

    d. Exhibit list

    e. Proposed jury instructions

    f. Proposed voir dire

    g. Proposed form of verdict

    h. Responses to Defendants' motions in limine.

Plaintiff is warned that in the event he fails to file any of the documents listed above by October 26, 2017, the Court will dismiss the action with prejudice. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (affirming dismissal of habeas petition because of petitioner's disobedience with orders setting filing deadlines); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (affirming dismissal of prisoner's civil rights complaint for failure to file opposition to motion to dismiss as required by local rule). In the event Plaintiff timely files all of the required documents, as listed, the Court will schedule a case management conference to reset this matter for trial. The Court will not consider any further requests for extensions of time by Plaintiff, absent unforeseen exigent circumstances and unless supported by appropriate documentation.

IT IS SO ORDERED.

Dated: 9/27/17

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

- 3 -