UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TOMAS LOPEZ MENEWEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>B. POWELL, et al.,<br><br>Defendants. | Case No: C 07-4204 SBA (PR)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

Plaintiff Tomas Lopez Meneweather ("Plaintiff") filed the instant pro se action in this Court on August 16, 2008. Dkt. 1.[1] Plaintiff alleged Eighth Amendment violations arising from unsanitary conditions of confinement while he was housed at Salinas Valley State Prison. The Court previously appointed counsel for Plaintiff, but counsel withdrew, citing California's rules of professional conduct for mandatory and permissive withdrawal.

The most recent trial date in this action was February 22, 2016. Dkt. 201. In anticipation of trial, Defendants timely filed their pretrial documents and motions in limine. Dkts. 212-220. However, Plaintiff failed to file any pretrial documents. Instead, well after his filing deadline had passed, Plaintiff filed a renewed motion for appointment of counsel and request for an extension of time to file pretrial documents. Dkts. 221, 222.

On August 26, 2016, the Court granted Plaintiff's requests for an extension and for appointment of counsel, and it re-referred the action to the Federal Pro Bono Project ("FPBP") to ascertain whether there was pro bono counsel willing to represent Plaintiff in this case. Dkt. 228 at 7. The Court further stated that: "In the event the FPBP is unable to locate suitable counsel within the 30 day referral period, the referral will automatically be

---

[1] The case was subsequently administratively closed and was recently re-opened. Dkts. 228, 230.

deemed withdrawn and a new trial date and deadlines for pretrial documents and other filings will be set." Id. at 9. Thereafter, the FPBP notified the Court that it has been unable to locate counsel willing to represent Plaintiff in this case.

On September 27, 2017, the Court issued an order withdrawing reference from the FPBP and directing Plaintiff to file his pretrial documents and responses to Defendants' motions in limine by no later than October 26, 2017. Dkt. 230 at 3. The Order warned, however, that Plaintiff's failure to file a response within the additional time prescribed by the Court would result in dismissal of the action. Specifically, the salient portion of the Order states:

> Plaintiff is warned that in the event he fails to file [the requisite pretrial documents] by October 26, 2017, the Court will dismiss the action with prejudice. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (affirming dismissal of habeas petition because of petitioner's disobedience with orders setting filing deadlines); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (affirming dismissal of prisoner's civil rights complaint for failure to file opposition to motion to dismiss as required by local rule).

Dkt. 20 at 2. To date, Plaintiff has not filed the requisite pretrial documents or otherwise corresponded with the Court.[2]

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet 963 F.2d 1258, 1260 (9th Cir. 1992); see also Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) ("[t]he authority of the federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

---

[2] On November 7, 2017, this action was inadvertently referred to Magistrate Judge Robert M. Illman for settlement. This referral was done in error, and it is thus withdrawn.

(3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). The Court finds that these factors weigh in favor of dismissal.

With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Likewise, the second factor—the Court's need to manage its docket—also favors dismissal. Plaintiff's failure to file timely pretrial documents and responses to Defendants' motions in limine, despite having two opportunities and more than ample time to do so, has unreasonably undermined the Court's ability to manage and move toward an expeditious resolution of this case. See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642. At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiff has previously complained that his medical problems and disabilities were preventing him from representing himself in this action; however, the Court has reviewed Plaintiff's medical and mental health records (submitted under seal) and determined above that these records do not support such complaints. Dkt. 228 at 6-7, 8. At this time, Plaintiff neither raises his aforementioned medical problems as a reason for his failure to file the requisite pretrial documents nor does he offer any other explanation, and an explanation is not apparent from the record. This factor thus weighs strongly in favor of dismissal. See Yourish, 191 F.3d at 991.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal. In its June 24, 2015 Order for Pretrial Preparation and its July 31, 2015 Amended Order for Pretrial Preparation, the Court gave Plaintiff the following "Pro Se

Warning":

> Plaintiff should be aware that although he is acting pro se (i.e., without an attorney) he nevertheless remains obligated to follow the same rules as a party who is represented by an attorney. Ignorance of court rules does not constitute excusable neglect. Plaintiff is warned that the failure to comply with any order or applicable procedural rule, including the failure meet and any filing deadline specified in this Order or by the Local Rules or Federal Rules of Civil Procedure, will be deemed grounds for the imposition of sanctions, up to and including the dismissal of the action with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

Dkt. 202 at 6-7; Dkt. 205 at 6-7. Thus, when Plaintiff initially failed to file his pretrial documents by the required deadline, the Court could have dismissed the action immediately pursuant to Rule 41(b). In consideration of less drastic alternatives, however, the Court extended Plaintiff's deadline to respond, thereby granting him ample opportunity to prepare his pretrial documents. Dkt. 228 at 7-8. As explained above, the Court again warned Plaintiff that the failure to respond would result in the dismissal of the action. See id. at 8. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

Although the final factor favoring disposition of cases on the merits, by definition, weighs against dismissal, see Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."), the Court finds that, on balance, the pertinent factors militate in favor of such action. Id. (affirming dismissal where three or the five factors favored dismissal). Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court withdraws the referral to Magistrate Judge Illman for settlement, which was done in error. The Clerk of the Court shall close the file and terminate all pending matters and deadlines.

IT IS SO ORDERED.

4

Dated: November 15, 2017

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS LOPEZ MENEWEATHER,<br>　　　　Plaintiff,<br>　　v.<br>B. POWELL, et al.,<br>　　　　Defendants. | Case No. 07-cv-04204-SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 15, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tomas Lopez Meneweather ID: D35219
California Health Care Facility
(CHCF)
PMB 32200
Stockton, CA 95213

Dated: November 15, 2017

　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　Doug Merry, Deputy Clerk to the
　　　　　　　　　　　　　　　　Honorable SAUNDRA BROWN ARMSTRONG

6